## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Omega Thomas,**
**Plaintiff Below, Petitioner**

**vs.)**    **No. 19-0349** (Cabell County 18-C-204)

**Corey Davis, individually,**
**and in his capacity as a Police Officer**
**and the City of Milton,**
**Defendants Below, Respondents**

**FILED**

**March 26, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Omega Thomas, by Counsel Ashley M. Lockwood, appeals the granting of summary judgment in favor of the defendants by the Cabell County Circuit Court on March 4, 2019. Corey Davis ("Officer Davis") and the City of Milton ("the City"), by Counsel Duane J. Ruggier II and Evan S. Olds, filed a timely response in support of the circuit court's Order.  Before this Court, Mr. Thomas argues that Officer Davis is not entitled to summary judgment because the West Virginia Governmental Tort Claims and Insurance Reform Act ("the Act"), West Virginia Code § 29-12-A-1 *et seq.*, should not apply to preclude liability for Officer Davis because his acts were reckless and wanton, subjecting him to liability under the Act.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 31, 2016, Officer Corey Davis was driving his City of Milton Police Department vehicle on Route 60, in Cabell County. Petitioner, was also travelling on Route 60 on that day, stopped his vehicle at the intersection of Route 60 and Hidden Brook Way. As petitioner waited to make a left turn onto Hidden Brook Way, Officer Davis crashed his police car into the rear of his vehicle. The collision occurred during daylight hours with clear visibility and dry conditions. Officer Davis admitted that he had been looking at his in-car terminal prior to the accident. Once Officer Davis focused on the road, he noticed petitioner's blinker and slammed on his breaks, but he was unable to stop from rear-ending petitioner's vehicle. At the time of the crash, Officer Davis was driving approximately 55-60 miles per hour in a 55-mile-per-hour zone. The West Virginia

1

Uniform Traffic Crash Report, filled out by the Cabell County Sheriff's Office after the accident, noted that Officer Davis was distracted by an electronic device. However, the report did not state that Officer Davis committed a violation of West Virginia's reckless driving statutes.

On April 12, 2018, Mr. Thomas filed a complaint in the Circuit Court of Cabell County alleging negligence, negligent and intentional infliction of emotional distress, and negligent entrustment against Officer Davis and the City. The City and Officer Davis responded by claiming immunity from liability under the Act and filed a motion for summary judgment. Following a hearing on August 24, 2018, the circuit court entered an order dated March 4, 2019, granting summary judgment to both the City and Officer Davis.[1] The circuit court concluded that Officer Davis was immune from suit under the Act and that the exceptions outlined in West Virginia Code § 29-12A-5(b) did not apply under the evidence presented before the court. Petitioner now appeals to this Court.

Our consideration of the instant proceeding is guided by many principles. First, the City and Officer Davis moved for summary judgment based upon their claims that they are immune from suit for petitioner's injuries. With regard to immunity claims, we previously have recognized that

> [a]n assertion of . . . immunity should be heard and resolved prior to
> any trial because, if the claim of immunity is proper and valid, the
> very thing from which the defendant is immune – a trial – will absent
> a pretrial ruling occur and cannot be remedied by a later appeal.

*Hutchison v. City of Huntington*, 198 W. Va. 139, 149 n.13, 479 S.E.2d 649, 659 n.13 (1996). *Accord Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411 (1985) ("The entitlement [not to stand trial] is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." (emphasis in original)); *Hutchison*, 198 W. Va. at 148, 479 S.E.2d at 658 ("Immunities under West Virginia law are more than a defense to a suit in that they grant governmental bodies and public officials the right not to be subject to the burden of trial at all. The very heart of the immunity defense is that it spares the defendant from having to go forward with an inquiry into the merits of the case[.]" (citation omitted)). In this vein, we specifically have held that

---

[1] The circuit court found and concluded that the parties do not dispute that the City of Milton is entitled to workers' compensation immunity pursuant to West Virginia Code § 29-12A-5(a)(11). Under that statutory provision, immunity is extended to claims covered by workers' compensation law. When the accident occurred on May 31, 2016, the petitioner was on-duty as a Federal Protective Service Inspector. He was also driving a marked Homeland Security Police car owned by the United States General Services Administration. Because the petitioner received workers' compensation benefits as a result of the accident, the City of Milton, as a political subdivision is immune from liability.

> [t]he ultimate determination of whether qualified or statutory immunity bars a civil action is one of law for the court to determine. Therefore, unless there is a bona fide dispute as to the foundational or historical facts that underlie the immunity determination, the ultimate questions of statutory or qualified immunity are ripe for summary disposition.

Syl. pt. 1, *Hutchison*, 198 W. Va. 139, 479 S.E.2d 649.

The Act, West Virginia Code § 29-12A-1 *et seq.*, of which the statutes at issue herein are a part, has as "[i]ts purposes . . . to limit liability of political subdivisions and provide immunity to political subdivisions in certain instances and to regulate the costs and coverage of insurance available to political subdivisions for such liability." W. Va. Code § 29-12A-1. The City is a political subdivision within the definition of the Act, and, as such, the City is entitled to the protections of the Act. *See* W. Va. Code § 29-12A-3(c) (defining "political subdivision" to include "any . . . municipality"). *See also* W. Va. Code § 29-12A-3(b) (defining "municipality" as "any incorporated city, town or village and all institutions, agencies or instrumentalities of a municipality").

Despite the Act's limitation of a political subdivision's liability, West Virginia Code § 29-12A-5 provides immunities from liability in certain circumstances. West Virginia Code § 29-12A-5(b)(2), upon which petitioner bases his claim for relief, provides:

> (b) An employee of a political subdivision is immune from liability unless one of the following applies:
>
> (1) His or her acts or omissions were manifestly outside the scope of employment or official responsibilities;
> (2) His or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or
> (3) Liability is expressly imposed upon the employee by a provision of this code.

Petitioner argues that the circuit court erred in granting summary judgment to the defendants based upon the immunity from liability provided by West Virginia Code § 29-12A-5 because the actions of Officer Davis fall within one of the exceptions listed in West Virginia Code § 29-12A-5(b). One of the exceptions to immunity applies when an employee's acts or omissions were of a malicious purpose, in bad faith, or in a wanton or reckless manner. West Virginia Code § 29-12A-5(b)(2). The petitioner contends that the facts of the case demonstrate that Officer Davis made an intentional choice to pay more attention to his in-car terminal than the road in front of him as he sped down Route 60, creating a danger to himself and other drivers on the road. Petitioner further argues that Officer Davis's behavior is precisely the conduct which the courts have classified as wanton and reckless. He maintains that summary judgment is inappropriate when reasonable minds could differ as to the conclusions to draw from the underlying facts in this case

3

as to whether the behavior of Officer Davis was in bad faith, malicious, wanton or reckless, subjecting him to liability under West Virginia Code § 29-12A-5(b).

By contrast, Officer Davis argues that he did not intentionally collide with the petitioner's car or act in a way that amounts to bad faith, malicious, wanton or reckless behavior. Officer Davis additionally argues that the petitioner relies upon speculation, unsupported allegations, and the building of one inference upon another. He argues that Mr. Thomas produced no evidence to indicate how long he looked at his terminal, and cites no authority that Officer Davis's speed was wanton or reckless under West Virginia traffic laws. Officer Davis contends that the facts do not overcome his immunity under the Act and that summary judgment was proper in this case.

Applying West Virginia Code § 29-12A-5 and West Virginia Code § 29-12A-5(b) to this case, we conclude that the circuit court did not err when it granted summary judgment in favor of the defendants. Furthermore, we conclude that the circuit court set forth sufficient reasoning to conclude that there is simply no evidence that Officer Davis intentionally, maliciously, or recklessly struck petitioner's car. The Court finds that Officer Davis is immune from suit and summary judgment was properly granted in this case.

Affirmed.

**ISSUED:** March 26, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

**DISSENTING:**

Justice John A. Hutchison